[No. 11131.   Department One.   June 10, 1913.]

A. B. TAYLOR, *Respondent*, v. HOWELL-HILL MILL COMPANY, *Appellant*.[1]

TRESPASS—MEASURE OF DAMAGES. In an action for a trespass causing inconvenience in depriving the owner of ingress and egress, it is error to assess damages for the full rental value of the property, rather than for the damage sustained because of the inconvenience suffered.

TRESPASS—INJUNCTION—USE OF TRACK BY RAILROAD. In an action of trespass and for an injunction to prevent the dumping of shingle bolts on property preventing convenient ingress and egress, the decree will not be construed to prevent lawful use of a spur track by a public service corporation, which was not in question in the action.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered December 16, 1912, upon findings in favor of the plaintiff, in an action for damages for tres-

[1]Reported in 132 Pac. 726.

pass and for an injunction. Affirmed upon condition of remitting part of the damages.

*H. G. & Dix H. Rowland*, for appellant.

*James Garvey, Guy E. Kelly*, and *Thomas MacMahon*, for respondent.

CHADWICK, J.—The parties to this action are the owners of property abutting upon a street platted in the year 1888. The street was never opened for public use, and has by reason of nonuser reverted to the adjoining property owners. The appellant owns and operates a shingle mill on its abutting property, and did for a long time use the property embraced within the street lines for dumping shingle bolts, a spur track from the Tacoma & Eastern railway having been laid along the street to the shingle mill and dry kiln of the appellant. Appellant so used the property as to cut off convenient ingress and egress from respondent's property. This action is grounded in trespass to recover damages, and for an injunction. The case was tried before the court without a jury. A judgment was rendered for the sum of $125. The right to recover is admitted, and an amount believed by respondent to be sufficient to cover all the damages sustained was tendered before the trial.

We have read the testimony with some care, and we are convinced that the judgment of the court can be sustained only upon the theory that appellant's trespass was such as to operate as a total deprivation of the use of respondent's property. In fact, the case seems to have been tried upon that theory. About all the testimony that was offered goes to the full rental value of respondent's property, rather than to any loss or damage that he might have sustained because of the inconvenience suffered. No purpose would be served by detailing the testimony of the several witnesses. We are convinced that the amount of damages allowed is not sustained by the evidence, and that no greater sum than $60 should be allowed. If, therefore, respondent is willing to

accept this amount as full compensation, and within 30 days after the remittitur goes down files a waiver of the difference, the judgment will be affirmed; otherwise the court will retry the case.

Appellant contends that the decree of the court is broader than the complaint and the issues, and that it operates to deprive it of the privilege of going upon the spur track; that, in the conduct of its business, it is necessary that it shunt cars over and across a part of the property owned by the respondent. It is true that the decree, when considered alone, might be so construed; but, in the light of the whole case, we are not inclined to give it that meaning. The track is on the ground. It is the property of a public service corporation; its right to maintain it is not before the court, and if it is operated by the company for public use, it and those whom it serves would have a right to use the track without any interference on the part of respondent.

The case will be remanded with directions to dispose of it as hereinbefore indicated.

CROW, C. J., MOUNT, GOSE, and PARKER, JJ., concur.